ROGERS and others *vs.* BROKAW and others.

1. The rule against the right to sever and remove fixtures, is stronger as between mortgagee and mortgagor than as between landlord and tenant.

2. Two machines, mainly of iron, one weighing thirty-six hundred pounds and the other two tons, placed directly on the floor of a factory, with no other support, and driven by connections with secondary shafting, which was connected by bands with the main shafting driven by a steam

Rogers v. Brokaw.

engine, changeable in their position as convenience might require, and that could be taken in and out of the factory without difficulty and in little time—*held*, between mortgagee and mortgagor, not to be fixtures, and that no title thereto passed by a sale under foreclosure of a mortgage on the land made prior to a chattel mortgage on the machines.

3. The intention to make a thing annexed to or placed upon the freehold, personal property, does not alter its legal character of fixture, if it be such. Whether fixture or not, depends on facts, and not on the opinion of the person making the annexation; and in this view, evidence is inadmissible to show his intention.

4. But the intention as to making a permanent or temporary annexation to the freehold, is a competent and material subject of proof.

5. Movable machines, whose number and permanency are contingent on the varying circumstances of business, subject to its fluctuating conditions and liable to be taken in or out, as exigencies may require, are different in nature and legal character from steam engines, boilers and other articles secured by masonry or other substantial annexation, designed to be permanent, and indispensable to the enjoyment of the freehold.

*Mr. Keen,* for complainants.

*Mr. Alward,* for defendants.

THE VICE-CHANCELLOR.

The question in this case is, whether two machines, one called a planer and matcher and the other a moulder, both being in a sash and blind factory in Elizabeth, are fixtures or not; in other words, whether they are or are not articles of a personal nature, which may be removed against the will of the owner of the land.

The machines were bought by the owner of the land, John T. Brokaw, in or about January, 1870, of the complainants, the makers of them, who took Brokaw's notes in the first instance for the price, and afterwards a chattel mortgage to secure three renewal notes amounting in all to about $950, being the unpaid part of the original price. The complainant's suit is to foreclose this chattel mortgage. It is resisted not by Brokaw, but by the defendants, who hold title to the land through a sale by the sheriff, under foreclosure of a mortgage on the land, made prior to the chattel mortgage to the

complainants. The chattel mortgage to the complainants was made May 10th, 1871, and describes the machines. The mortgage that was foreclosed, and under which the defendants have title, was made by Brokaw, May 19th, 1870. It describes, by metes and bounds, the lot of land, without referring to the machinery or to the kind of business carried on in the building on the lot. The sale under the forclosure of this mortgage, was on April 4th, 1872. The defendants insist that by this sale, the machines, as connected with and part of the realty, now belong to them, free and clear of the chattel mortgage.

The question of fixtures is, in this case, between mortgagee and mortgagor, and in such cases, the rule against the right to sever and remove, is stronger than in some cases where a different relation exists, as for example, between landlord and tenant. But while this is so, my opinion is, and I shall advise, that the complainants here are entitled to hold their mortgage lien. Questions of fixtures have been subjects of numerous decisions in English and American courts, and from the nature of them, are often nice and difficult questions to decide. The rules governing their solution are sufficiently expressed, for present purposes, in the decisions of the courts of this state.

As between mortgagor and mortgagee, if the thing appertains to the real estate, is necessary for its enjoyment, and is permanently attached to the freehold, it is a fixture resulting to the benefit of the mortgagee. As to the permanency, that does not depend so much upon the degree of physical force with which the thing is attached, as it does upon the motive of the party attaching it. If the article is attached for temporary use, with an intention of removing it, a mortgagee cannot interfere with its removal by the mortgagor. If it is placed there for the permanent improvement of the freehold, he may. *Crane* v. *Bingham*, 3 *Stockt.* 29.

The true criterion of a fixture is the united application of the following requisites : 1. Actual annexation to the realty, or something appurtenant thereto. 2. Application to the

Rogers *v.* Brokaw.

use or purpose to which that part of the realty with which it is connected is appropriated. 3. The *intention* of the party making the annexation to make a permanent accession to the freehold. *Brearley* v. *Cox*, 4 *Zab.* 289 ; *Quinby* v. *Manhattan Cloth and Paper Co.*, 9 *C. E. Green* 261.

The machines, in the present case, were mainly of iron, one weighing about thirty-six hundred pounds, and the other, about two tons. They were put directly on the floor of the factory, with no other support, and driven by connections with the secondary shafting, which was connected by bands with the main shafting, driven by a steam engine. Their position on the floor was changeable, as convenience might require. They had holes through the soles or feet of their frames, by which they could be screwed to the floor. One of them, at least, was so screwed, but they could be easily unscrewed and moved. They could be taken in and out of the factory without difficulty, and in little time. The defendant, Brokaw, testifies as to his intention in putting in the machines, and it appears not to have been to make them part of the freehold. He had been several years in the business, and had other machines in his factory of a similar kind. From the facts testified to by him, and which are not contradicted, I think he would have been at liberty, notwithstanding the mortgage on the lot, to take the machines out at his pleasure. The question, how many machines of this description were needed, whether few or many, or, indeed, any at all, was one of convenience and business requirements, which he had the option to determine. His intention to make them personal property, would not alter their legal character. This would depend on facts, and not on his opinion ; and, in this view, evidence would be inadmissible to show his intention. But his intention, as to making them permanent or temporary annexations to the factory, is a competent and material subject of proof. Movable machines, like these, whose number and permanency are contingent on the varying circumstances of the business, subject to its fluctuating conditions, and liable to be taken in or out, as exigencies may require, are different

Rogers *v.* Brokaw.

in nature and legal character from the steam engine, boilers, shafting, and other articles secured by masonry or other substantial annexation, designed to be permanent, and indispensable to the enjoyment of the freehold. The ruling in Crane *v.* Bingham embraces the things above mentioned, and not the ones now in dispute.

My conclusion on the whole is, that legal rules will be best observed, as well as the justice of the case best promoted, by a decree as above advised.